UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-33-JMS-WGH |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

**I.**

The motion for ruling on motion [18] is **denied** as moot because the court ruled on the motion referenced therein on September 6, 2012.

**II.**

This action for a writ of habeas corpus brought by Joseph Williams challenging a prison disciplinary proceeding identified as No. ISF 11-10-0234 was dismissed as moot because Williams is no longer in custody pursuant to the sanctions imposed in that proceeding. Judgment was entered on the clerk's docket on July 18, 2012.

"Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)). Williams filed such a motion on September 7, 2012.

Rule 60(b) enables a court to grant relief from a judgment under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief from judgment under Rule 60 is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986); *see also United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)(explaining that a post-judgment motion "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief.").

Williams' contention is that counsel for the respondent manipulated the development of the action to cause Williams' claim to become moot. He does not dispute that the claim is moot or that it was moot when the court made its decision. As noted above, Williams did not reply to the motion to dismiss even though he had an opportunity to do so. In fact, Williams had sought and received an extension of time in which to do so. His present concerns could have been raised in a reply to the motion to dismiss. They were not. Williams contends that the court made a mistake in its ruling, but the court does not find this contention to be supported by the record or by Williams' motion itself.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). Williams' motion for relief from judgment [20] does not show either of these circumstances. That motion [20] is therefore **denied.**

**IT IS SO ORDERED.**

Date: 09/10/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Joseph Williams**
**#923174**
**Plainfield S.T.O.P. Facility**
**501 West Main Street**
**Plainfield, IN 46168**

**Linda.Leonard@atg.in.gov**